19280/053152

# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OLD REPUBLIC INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> UNION PACIFIC RAILROAD COMPANY, CORRIGAN BROTHERS, INC., and DAVID JOHN SCOTT, <br><br> Defendants. | No. 25-cv-1974 |

### COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, OLD REPUBLIC INSURANCE COMPANY ("Old Republic"), by and through its attorneys, CASSIDAY SCHADE LLP, and for its Complaint for Declaratory Judgment against the Defendants, UNION PACIFIC RAILROAD COMPANY ("UPRR"), CORRIGAN BROTHERS, INC. ("Corrigan Brothers"), and DAVID JOHN SCOTT ("SCOTT"), pursuant to the Declaratory Judgment Act, 28 U.S.C §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure, hereby states as follows:

### INTRODUCTION

1. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure, wherein Old Republic seeks a determination of its rights and obligations under an insurance policy that it issued to Corrigan Brothers, including a declaration that Old Republic does not owe a duty to defend or indemnify UPRR in connection with an underlying lawsuit captioned: *John David Scott v. Union Pacific Railroad Company,* Case No. 24LA0202, which is currently pending in the Circuit Court of St.

Clair County, Illinois (the "Underlying Lawsuit"). A copy of the operative Complaint in the Underlying Lawsuit is attached hereto as **Exhibit "A"**.

## THE PARTIES

2. Plaintiff, Old Republic, is an insurance company organized and existing under the laws of the State of Pennsylvania with its principal place of business in the State of Pennsylvania.

3. Defendant, UPRR, is Utah corporation with its principal place of business located in Omaha, Nebraska.

4. Defendant, Corrigan Brothers, is a Missouri corporation with its principal place of business in the State of Missouri.

5. Defendant, David John Scott, is a citizen of and resident of the State of Illinois, and employed by UPRR as a Machinist.

6. Defendants Corrigan Brothers and David John Scott are named solely as necessary/interested parties and no relief is sought directly against them.

## JURISDICTION AND VENUE

7. This Complaint for Declaratory Judgment is brought pursuant to 28 U.S.C §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

8. An actual justiciable controversy exists between Old Republic, on the one hand, and UPRR, on the other hand, within the meaning of 27 U.S.C. § 2201 with regard to whether Old Republic owes a duty to defend or indemnify UPRR under an insurance policy Old Republic issued to Corrigan Brothers in connection with a Complaint against UPRR brought under the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60, alleging that UPRR failed to provide a

safe working environment at or near its locomotive rail yard in Dupo, St. Clair County, Illinois, as more particularly described below.

9. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the suit is between citizens or entities of different states.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), (c) and (d) in that a substantial part of the events or omissions giving rise to this claim occurred in St. Clair County situated in the Southern District of Illinois, and the underlying lawsuit is pending in St. Clair County.

## THE UNDERLYING LAWSUIT

11. On February 7, 2024, Scott filed a Complaint in the Underlying Lawsuit against UPRR under the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60, related to alleged acts and omissions by UPRR leading to Scott becoming injured while working at or near UPRR's locomotive rail yard in Dupo, Illinois. *See* **Ex. A.**

12. In his Complaint in the Underlying Lawsuit, Scott alleges that he was employed by UPRR as a Machinist at all relevant times in relation to his Complaint. *Id*. at ¶ 6.

13. In his Complaint in the Underlying Lawsuit, Scott alleges that on or about April 18, 2023, he was changing oil filters on a locomotive at or near the Dupo rail yard, and that changing oil filters causes oil to get on the locomotive surfaces and walkways. *Id*. at ¶ 7.

14. In his Complaint in the Underlying Lawsuit, Scott alleges that UPRR placed a platform adjacent to the locomotive servicing area for Scott and others to use to get on the locomotive and placed a metal plate between the locomotive and the platform to be used as a gangway. *Id*. at ¶ 8.

15. In his Complaint in the Underlying Lawsuit, Scott alleges that the metal plate was too short to cover the entirety of the top of the stairwell on the locomotive and thereby left a gap and hole in the walking surface. *Id.* at ¶ 9.

16. In his Complaint in the Underlying Lawsuit, Scott alleges that the metal plate was insufficiently supported on only one corner at the locomotive, and thereby created an unsteady and unsafe walking surface. *Id.* at ¶ 10.

17. In his Complaint in the Underlying Lawsuit, Scott alleges that he stepped on the unsteady and insufficiently supported metal plate, which caused his foot to slip off and into the gap and hole above the stairway, and that he was thereby injured. *Id.* at ¶ 11.

18. In his Complaint in the Underlying Lawsuit, Scott alleges that the injuries and damages he sustained were caused, in whole and in part, by the negligence of UPRR and also in one or more of the following particulars:

   a. UPRR failed to provide reasonably safe conditions for work;

   b. UPRR failed to provide reasonably safe methods of work;

   c. UPRR failed to furnish Scott with a reasonably safe place in which to work;

   d. UPRR failed to furnish Scott with reasonably safe equipment or appliances with which to perform his assigned duties;

   e. UPRR failed to provide Scott with suitable and reasonably safe tools, machines, or equipment for work;

   f. UPRR failed to provide adequate training to its employees;

   g. UPRR failed to provide a reasonably safe walking surface for Scott to safely perform his job duties;

   h. UPRR failed to provide Scott with a reasonably safe way to enter and exit the locomotive;

   i. UPRR provided an entry platform which was not reasonably safe for use to enter and exit the locomotive;

    j. UPRR failed to properly inspect, maintain or repair the walking area of the locomotive and entry platform;

    k. UPRR installed a cover plate over the stairwell that was not long enough;

    l. UPRR installed a cover plate over the stairwell that left a gap and hole in the walking surface;

    m. UPRR installed a cover pate over the stairwell that was insufficiently supported;

    n. UPRR installed a cover plate over the stairwell that was unsteady and unsafe for walking;

    o. UPRR failed to provide reasonably safe footing;

    p. UPRR allowed the footing on the locomotive to become dangerous, slippery and/or otherwise defective;

    q. UPRR failed to properly inspect, test, clean-up or repair the footing; and

    r. UPRR failed to maintain anti-slip coatings on walkways.

19. In the Underlying Complaint, Scott requests compensation for his damages, medical expenses, lost wages, and pain and suffering, plus costs.

## THE INSURANCE POLICY

20. Old Republic issued its Commercial General Liability Policy No. MWZY313312 22 to Corrigan Brothers, which includes Commercial General Liability insurance, for the policy period of May 31, 2022 to May 31, 2023 (the "Old Republic Policy"). A true and correct copy of the Old Republic Policy is attached as **Exhibit "B."**

21. The Old Republic Policy contains Commercial General Liability Coverage Form CG 00 01 04 13, which states, in part, as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

5

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we," "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** –Definitions.

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    **a**.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. But:

    **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

    **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B.**

    **b**.    This insurance applies to "bodily injury" and "property damage" only if:

        **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;"

        **(2)**    The "bodily injury" or "property damage" occurs during the policy period; and

. . .

**2.**    **Exclusions**

This insurance does not apply to:

    **e.**    **Employer's Liability**

"Bodily injury" to:

        **(1)**    An "employee" of the insured arising out of and in the course of:

            **(a)**    Employment by the insured; or

            **(b)**    Performing duties related to the conduct of the insured's business;….

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract."

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

**7.**    **Separation Of Insureds**

7

> Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:
>
> **a.** As if each Named Insured were the only Named Insured; and
>
> **b**. Separately to each insured against whom claim is made or "suit" is brought….

**SECTION V – DEFINITIONS**

> **3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time….
>
> **5.** "Employee" includes a "leased worker." "Employee" does not include a "temporary worker."
>
> **9.** "Insured contract"[1] means:
>
> **a.** A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";
>
> **b.** A sidetrack agreement;
>
> **c.** Any easement or license agreement;
>
> **d.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;
>
> **e.** An elevator maintenance agreement;
>
> **f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.
>
> **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions….
>
> **16.** "Products-completed operations hazard""

---

[1] The Old Republic Policy includes a Contractual Liability – Railroads Endorsement (Form CG 24 17 10 01). Under the Endorsement, and with respect to operations performed for, or affecting, a Scheduled Railroad at a Designated Job Site, the definition of "insured contract" in the Definitions section of the Commercial General Liability Coverage Form is replaced by the definition set forth in this Complaint.

8

    **a.**    Includes all "bodily injury" and "property damage" occurring away from the premises you own or rent and arising out of "your product" or "your work" except:

        **(1)**    Products that are still in your physical possession; or

        **(2)**    Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

            **(a)**    When all of the work called for in your contract has been completed.

            **(b)**    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

            **(c)**    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

    Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed….

**22.**    "Your work":

    **a**.    Means:

        **(1)**    Work or operations performed by you or on your behalf; and

        **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

    **b**.    Includes:

        **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

        **(2)**    The providing of or failure to provide warnings or instructions….

* * *

22.    The Old Republic Policy also includes Additional Insured – Designated Person or Organization Endorsement Form CG 20 26 12 19, which names UPRR as an additional insured and states as follows:

## ADDITIONAL INSURED – DESIGNATED PERSON OR ORGANIZATION

This Insurance modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:

   1. In the performance of your ongoing operations; or

   2. In connection with your premises owned by or rented to you.

   However:

   1. The insurance afforded to such additional insured only applies to the extent permitted by law; and

   2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

B. With respect to the insurance afforded to these additional insureds, the following is added to **Section III – Limits Of Insurance:**

   If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

   1. Required by the contract or agreement; or

   2. Available under the applicable limits of insurance;

   whichever is less.

   This endorsement shall not increase the applicable limits of insurance.

   \* \* \*

23. The Old Republic Policy also includes Additional Insured – Owners, Lessees or Contractors – Completed Operations Endorsement Form CG 20 37 12 19, which applies "[a]s required by written contract or agreement", and states as follows:

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS -- COMPLETED OPERATIONS**

This Insurance modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by "your work" at the location designated and described in the Scheule of this endorsement performed for that additional insured and included in the "products-completed operations hazard".

However:

1. The insurance afforded to such additional insured only applies to the extent permitted by law; and

2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required to provide for such additional insured.

B. With respect to the insurance afforded to these additional insureds, the following is added to **Section III – Limits Of Insurance:**

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

1. Required by the contract or agreement; or

2. Available under the applicable limits of insurance;

whichever is less.

This endorsement shall not increase the applicable limits of insurance.

11

*   *   *

## THE COVERAGE DISPUTE

24. UPRR has tendered its defense of the Underlying Lawsuit to Corrigan Brothers and its insurers, including Old Republic, and Old Republic accordingly seeks a declaration that Old Republic does not have a duty to defend or indemnify UPRR under the Old Republic Policy for the Underlying Lawsuit.

25. UPRR's tender was made pursuant to Purchase Order No. 4300167028 regarding the Dupo Loco Working Platform, wherein Corrigan Brothers were contracted to build the locomotive platform from which Scott allegedly slipped. A true and correct copy of Purchase Order No. 4300167028 is attached hereto as **Exhibit "C"**.

26. Purchase Order No. 4300167028 states in pertinent part as follows:

> **4.  Insurance Requirements**
>
> Supplier shall, at its sole cost and expense, procure and maintain during the life of any PO or Agreement insurance coverage in amounts in accordance with UPRR's Standard Insurance Requirements.

27. UPRR's Standard Insurance Requirements state in pertinent part as follows:

> **INSURANCE REQUIREMENTS**
>
> The following insurance terms ("Insurance Terms") apply to all Suppliers unless otherwise specifically agreed to in writing by UPRR with respect to the applicable PO and/or Agreement. Provision (b), (c), and (f) below only apply to Services Pos and Agreements. These Insurance Terms are subject to and are incorporated into the applicable Terms and Conditions between UPRR and Supplier.
>
> (a)   *Commercial General Liability Insurance.* Commercial general liability ("CGL") with a combined single limit of not less than $1,000,000.00 each occurrence and an aggregate limit of not less than $2,000,000.00. CGL insurance must be written on ISO occurrence form CG 00 01 12 04 (or a substitute form providing equivalent coverage).
>
> (f)   All policy(ies) required above (except business automobile workers compensation and employers liability) must include UPRR as

"Additional Insured" using ISO Additional Insured Endorsement CG 20 26 (or substitute form(s) providing equivalent coverage) which must be stated on the certificate of insurance. . . .

A true and correct copy of UPRR's Standard Insurance Requirements are attached as **Exhibit D;** *see* **Ex. D** "Insurance Requirements".

28.     Corrigan Brothers constructed the platform for UPRR in February/March 2023, and Scott was allegedly injured on April 18, 2023.

## COUNT I
## DECLARATORY JUDGMENT

29.     Old Republic restates, realleges and incorporates by reference herein the foregoing paragraphs 1 through 29, as though the same were fully set forth herein in this Count I.

30.     Old Republic does not have a duty to defend or indemnify UPRR under the Old Republic Policy in connection with the Underlying Lawsuit for the following alternative reasons:

(a)     The Complaint in the Underlying Lawsuit does not involve bodily injury caused by Corrigan Brothers' "ongoing operations" as required by Additional Insured Form CG 20 26 12 19, which accordingly does not apply;

(b)     Scott's alleged accident and injuries were not caused, in whole or in part, by Corrigan Brothers' acts or omissions or the acts or omissions of those acting on Corrigan Brothers' behalf in the performance of Corrigan Brothers' ongoing operations; or in connection with UPRR's premises owned by or rented to Corrigan Brothers as required by Additional Insured Form CG 20 26 12 19, which accordingly does not apply;

(c)     The Complaint in the Underlying Lawsuit does not allege that Scott's accident and injuries were caused, in whole or in part, by Corrigan Brothers' acts or omissions or the acts or omissions of those acting on Corrigan Brothers' behalf in the performance of Corrigan Brothers' ongoing operations; or in connection with UPRR's premises owned by or rented to Corrigan Brothers as required by Form CG 20 37 12 19, which accordingly does not apply;

(d)     The Purchase Order did not require Corrigan Brothers to provide UPRR with completed operations coverage, and Form CG 20 37 12 19 accordingly does not apply;

(e)     Coverage A Exclusion 2.e. (Employer's Liability) in the Old Republic Policy bars coverage for the Underlying Lawsuit, which is suit against UPRR for bodily injuries allegedly sustained by UPRR's own employee;

31. An actual controversy exists between the parties and this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief as it deems necessary under the facts and circumstances.

WHEREFORE, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Plaintiff, Old Republic Insurance Company, prays for the entry of an order and judgment in its favor and against the Defendants, Union Pacific Railroad Company, Corrigan Brothers, and David John Scott, declaring as follows:

(a)     Old Republic Insurance Company does not have a duty to defend Union Pacific Railroad Company in connection with the lawsuit captioned: *John David Scott v. Union Pacific Railroad Company,* pending in the Circuit Court of St. Clair County, Illinois as Case No. 24LA0202;

(b)     Old Republic Insurance Company does not have a duty to indemnify Union Pacific Railroad Company in connection with the lawsuit captioned: *John David Scott v. Union Pacific Railroad Company,* pending in the Circuit Court of St. Clair County, Illinois as Case No. 24LA0202; and

(c)     This Court grants such further relief as it deems just and appropriate.

    Respectfully submitted,

    CASSIDAY SCHADE LLP

    By: /s/ *John D. Hackett*
        One of the Attorneys for Plaintiff,
        OLD REPUBLIC INSURANCE COMPANY

John D. Hackett
Robert G.S. Hartzer
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax

jhackett@cassiday.com
rhartzer@cassiday.com

11889293

15